James Matthew Brown, APLC (CSB# 98922)
2044 First Avenue, Suite 200
San Diego, CA. 92101
(619) 238-0815

Attorney for Defendant, Juan Ontiveros-Palomares

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

(HON. JANIS SAMMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN ONTIVEROS-PALOMARES,<br><br>Defendants. | Case No. 08-CR-1548-JLS<br><br>POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS FOR<br>1) DISCOVERY/PRESERVE EVIDENCE<br>2) LEAVE TO FILE ADDITIONAL MOTIONS<br><br>Date: 8/15/08<br>Time: 9:00 A.m.<br>Judge: Hon. Janis Sammartino |

## INTRODUCTION

The Government has indicted Juan Ontiveros-Palomares, alleging the defendant violated Title 18, United States Code, Section 1325.

At this time, the Government has provided discovery to this defense counsel however, the defendants mental status and counsels trial schedule warrant the filing of this discovery motion.

### I.

### MOTION TO COMPEL DISCOVERY

Mr. Ontiveros makes the following discovery motion pursuant to Rule 12(b)(4) and Rule 16. This request is not limited to those items that the prosecutor has actual knowledge of, but

rather includes all discovery listed below that is "in the possession, custody, or control of any federal agency participating in the same investigation of the defendant." United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

(1) <u>Mr. Ontiveros' Statements</u>. The government must disclose (a) copies of any written or recorded statements made by Mr. Ontiveros; (b) copies of any written record containing the substance of any statements made by Mr. Ontiveros; and (c) the substance of any statements made by Mr. Ontiveros which the government intends to use, for any purpose, at trial. See Fed. R. Crim. P. 16(a)(1)(A).

(2) <u>Co-Defendant's Statements</u>. The government must disclose (a) copies of any written or recorded statements made by Co-defendants; (b) copies of any written record containing the substance of any statements made by Co-defendants; and (c) the substance of any statements made by Co-defendants which the government intends to use, for any purpose, at trial. See Fed. R. Crim. P. 16(a)(1)(A).

(3) <u>Mr. Ontiveros' Prior Record</u>. Mr. Ontiveros requests disclosure of his prior record. See Fed. R. Crim. P. 16(a)(1)(B). This includes any Immigration "A" file.

(4) <u>Any Proposed 404(b) and (609) Evidence.</u> The government must produce evidence of prior similar acts under Fed. R. Crim. Proc., 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, "upon request of the accused, the prosecution … shall provide reasonable notice in advance of trial… of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. This applies not only to evidence which the government may use as rebuttal. United States v. Vega, 1888 F. 3d 1150 (9th Cir. 1999). The defendant is entitled to "reasonable notice" so as to "reduce surprise." Preclude "trial by ambush" and prevent the "possibility of prejudice," Id., and he requests such notice at least two weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(5) <u>Evidence Seized</u>. The defendant requests production of evidence seized as a result of any search. Fed. R. Crim. Proc. 16(a)(1)(C).

(6) <u>Documents and Tangible Objects</u>. Mr. Ontiveros requests the opportunity to inspect, copy, and photograph all documents and tangible objects which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to her. <u>See</u> Fed. R. Crim. P. 16(a)(1)(C). Specifically, Mr. Ontiveros requests that the government provide him with a copy of his statements made to any and all government agents, state or federal, which occurred prior to his arrest. This includes all reports prepared by any peace officer.

(7) <u>Reports of Scientific Tests or Examinations</u>. Mr. Ontiveros requests the reports of all tests and examinations which are material to the preparation of the defense or are intended for use by the government at trial. <u>See</u> Fed. R. Crim. P. 16(a)(1)(D). Mr. Ontiveros notes that no fingerprint analyses have been produced. If such analyses exist, Mr. Ontiveros requests a copy.

(8) <u>Expert Witnesses</u>. Mr. Ontiveros requests the name and qualifications of any person that the government intends to call as an expert witness. See Fed. R. Crim. P. 16(a)(1)(E). In addition, Mr. Ontiveros requests written summaries describing the bases and reasons for the expert's opinions. <u>See id.</u> This request specifically applies to any fingerprint and handwriting experts that the government intends to call.

(9) <u>Brady Material</u>. Mr. Ontiveros requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or punishment. See <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Williams v. Taylor</u>, 120 S.Ct. 1479 (2000), <u>Strickler v. Greene</u>, 527 U.S. 263 (1999). Mr. De Dios maintains that her police file constitutes <u>Brady</u> material and therefore it must be produced.

In addition, impeachment evidence falls within the definition of evidence favorable to the accused, and therefore Mr. Ontiveros requests disclosure of any impeachment evidence concerning any of the government's potential witnesses, including prior convictions and other evidence of criminal conduct. See <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976); <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995). In addition, Mr. Ontiveros requests any evidence tending to show that a prospective government witness: (i) is biased or prejudiced against the defendant; (ii) has a motive to falsify or distort his or her testimony; (iii) is

unable to perceive, remember, communicate, or tell the truth; or (iv) has used narcotics or other controlled substances, or has been an alcoholic.

(10) <u>Request for Preservation of Evidence</u>. Mr. Ontiveros specifically requests the preservation of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.

(11) <u>Witness Addresses</u>. Mr. Ontiveros requests the name and last known address of each prospective government witness. He also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.

(12) <u>Jencks Act Material</u>. Mr. Ontiveros requests production in advance of trial of all material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid needless delays at pretrial hearings and at trial. This request includes any "rough" notes taken by the agents in this case; these notes must be produced pursuant to 18 U.S.C. § 3500(e)(1). This request also includes production of transcripts of the testimony of any witness before the grand jury. <u>See</u> 18 U.S.C. § 3500(e)(3).

(13) <u>Residual Request</u>. Mr. Ontiveros requests copies and access to his "A" file and intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Ontiveros requests that the government provide her and her attorney with the above-requested material sufficiently in advance of trial.

### IV.

### MOTION TO FILE ADDITIONAL MOTION

Because additional requests are made herein which have not been addressed by the government, once additional discovery is provided there may be the need to file further motions.

Mr. Ontiveros reserves the right to file any applicable further motions depending on what is released by the government an counsel has had the opportunity to review same.

## V.

## CONCLUSION

For the foregoing reasons, Juan Ontiveros-Palomares respectfully requests that the Court grant the motions made by the Defendant.

Respectfully Submitted this 14th day of August 2008.

                                          S/James Matthew Brown
                                          James Matthew Brown
                                          Attorney for Defendant,
                                          Juan Ontiveros-Palomares